UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MICHAEL SPEASE,

     Plaintiff,

v.                                                                     CASE NO. 1:13-cv-10113-DPW

THE M/V HARMEN OLDENDORFF, ITS
APPAREL, EQUIPMENT, ENGINES,                      **M/V HARMEN OLDENDORFF'S**
FREIGHT, ETC. IN REM and                                  **ANSWER TO PLAINTIFF'S FIRST**
BOSTON LINE & SERVICE CO., INC.                     **AMENDED COMPLAINT**
                                                                              **and CROSS-CLAIMS**
     Defendants,

v.

COAST LINE SERVICE, INC.

     Cross Claim Defendant.

       Defendant, the M/V HARMEN OLDENDORFF, its apparel, equipment, engines, freight,

etc., *in rem*, without waiving the limited appearance filed by Oldendorff Carriers GmbH & Co.

KG as claimant under Rule E(8) of the Supplemental Rules for Admiralty or Maritime Claims

and Asset Forfeiture Actions, by and through its counsel, answers PLAINTIFF'S First Amended

Complaint, upon information and belief as follows:

     1.     Admits the allegations set forth in paragraph 1 of the Amended Complaint.

     2.     Denies that there is any Jones Act claim as against the M/V HARMEN

OLDENDORFF, but except as so specifically denied, denies having knowledge or information

sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the

Amended Complaint.

3.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Amended Complaint.

4.      Admits that the M/V HARMEN OLDENDORFF  is a cargo vessel owned by Oldendorff Carriers GmbH & Co. KG, but except as so admitted, denies the remaining allegations set forth in paragraph 4 of the Amended Complaint.

5.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Amended Complaint.

## FIRST CAUSE OF ACTION

6.      Denies that provisions were being discharged to the M/V HARMEN OLDENDORFF from the M/V ALYCIA MARY on April 12, 2011 and that Plaintiff sustained an injury during such an operation involving both of these vessels on that date, but except as so specifically denied, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Amended Complaint.

7.      Denies the allegations set forth in paragraph 7 of the Amended Complaint to the extent those allegations relate to the M/V HARMEN OLDENDORFF, but except as so specifically denied, denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint.

8.      Denies the allegations set forth in paragraph 8 of the Amended Complaint with respect to the M/V HARMEN OLDENDORFF, but except as so specifically denied, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Amended Complaint.

2

## SECOND CAUSE OF ACTION

9.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint.

10.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint.

11.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint.

12.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint.

13.     Admits the allegations in Paragraph 13 of the Amended Complaint.

14.     Denies the allegations set forth in paragraph 14 of the Amended Complaint with respect to the M/V HARMEN OLDENDORFF, but except as so specifically denied, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint.

## THIRD CAUSE OF ACTION

15.     Repeats  and re-alleges each and every answer set forth in paragraphs 1 to 14 as though the same are set forth in paragraph 15.

16.     Denies the allegations set forth in paragraph 16 of the Amended Complaint to the extent those allegations relate to the M/V HARMEN OLDENDORFF, but except as so specifically denied,  denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Amended Complaint.

17.     Denies the allegations set forth in paragraph 17 of the Amended Complaint to the extent those allegations relate to the M/V HARMEN OLDENDORFF, but except as so

#22978361_v2

specifically denied,  denies knowledge or information sufficient to form a belief as to the truth of
the allegations set forth in paragraph 17 of the Amended Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in paragraph 18 of the Amended Complaint.

19.     M/V HARMEN OLDENDORFF denies knowledge or information sufficient to
form a belief as to the truth  of the allegations set forth in paragraph 19 of the Amended
Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in paragraph 20 of the Amended Complaint.

21.     M/V HARMEN OLDENDORFF denies knowledge or information sufficient to
form a belief as to the truth of the allegations set forth in paragraph 21 of the Amended
Complaint.

22.     Paragraph 22 is a statement to which no answer is required from M/V HARMEN
OLDENDORFF.

## FIRST PARTIAL OR COMPLETE DEFENSE

23.     PLAINTIFF's Amended Complaint fails to state a claim upon which relief can be
granted.

## SECOND PARTIAL OR COMPLETE DEFENSE

24.     The April 12, 2011 incident described in PLAINTIFF's Amended Complaint was
not contributed to or caused by any fault, negligence, or breach of duty on the part of the M/V
HARMEN OLDENDORFF, but, if it occurred at all, it was caused by the negligence of third
parties, including, as alleged by the Plaintiff, the M/V ALYCIA MARY, and or the negligence of
its officers, owners, operators, and crew, including, but not limited to BOSTON LINE &

4

SERVICE CO., INC. and COAST LINE SERVICE, INC. in that Plaintiff positioned himself inappropriately for the operation and failed to maintain awareness of the load at all times, Plaintiff failed to provide the correct instructions to the crane operator, Plaintiff's vessel was insufficiently manned for the operation, Plaintiff's vessel did not maintain its position alongside the M/V HARMEN OLDENDORFF, Plaintiff failed to control the load, Plaintiff failed to direct additional crew to assist in the operation, and Plaintiff was not properly trained for the operation.

## THIRD PARTIAL OR COMPLETE DEFENSE

25.     PLAINTIFF's alleged injuries and damages, if any, were proximately caused, in whole or in part, by his own contributory negligence or comparative fault (see paragraph 24), and any damages must be reduced accordingly.

## FOURTH PARTIAL OR COMPLETE DEFENSE

26.     PLAINTIFF's alleged injuries and damages, if any, were the result of open and obvious conditions and/or risks assumed by the PLAINTIFF.  These risks and open and obvious conditions are a necessary incident to the transshipment of supplies at sea.

## FIFTH PARTIAL OR COMPLETE DEFENSE

27.     PLAINTIFF's alleged injuries and damages, if any, were the result in whole or in part of preexisting and/or subsequently occurring conditions, injuries, illnesses, or diseases for which the M/V HARMEN OLDENDORFF is not legally responsible.

## CROSS CLAIMS AGAINST BOSTON LINE & SERVICE CO, INC. and COAST LINE SERVICE, INC.

28.     Defendant, the M/V HARMEN OLDENDORFF, its apparel, equipment, engines, freight, etc., *in rem*, without waiving the limited appearance filed by Oldendorff Carriers GmbH & Co. KG as claimant under Rule E(8) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, by and through its counsel, asserts the following cross

claim against defendant BOSTON LINE & SERVICE CO, INC. ("BOSTON LINE") and

COAST LINE SERVICE, INC. ("COAST LINE") upon information and belief:

29.     This Court has diversity and admiralty or maritime jurisdiction over Claimant's

Cross Claims pursuant to 28 U.S.C. § 1333.

30.     These Cross Claims arise under Federal Rule of Civil Procedure 9(h).

31.     BOSTON LINE is a corporation organized and existing under the laws of the

Commonwealth of Massachusetts, with a principal place of business at One Black Falcon

Avenue, Boston Massachusetts 02210.

32.     COAST LINE is a corporation organized and existing under the laws of the

Commonwealth of Massachusetts, with a principal place of business at One Black Falcon

Avenue, Boston Massachusetts 02210.

33.     PLAINTIFF alleges he was injured on or about April 12, 2011 while employed by

BOSTON LINE onboard the M/V ALYCIA MARY.

34.     On or about April 12, 2011, BOSTON LINE was the owner and/or operator of the

M/V ALYCIA MARY.

35.     On or about April 12, 2011, BOSTON LINE was the employer of Plaintiff as a

crew member of a vessel.

36.     On or about April 12, 2011, COAST LINE was the owner and/or operator of the

M/V ALYCIA MARY.

37.     On or about April 12, 2011, COAST LINE was the employer of Plaintiff as a

crew member of a vessel.

38.     On or about April 12, 2011, the M/V ALYCIA MARY was a steel motor vessel,

official number 607430, registered with the Department of Homeland Security, United States

Coast Guard, National Vessel Documentation Center by or on behalf of  BOSTON LINE as the owner.

39.     To the extent that PLAINTIFF sustained injuries or damages on April 12, 2011, said injuries and damages were caused solely by BOSTON LINE and/or COAST LINE, and those for whom they were responsible during PLAINTIFF's performance of work for BOSTON LINE and/or COAST LINE on or about April 12, 2011.

40.     The employees and persons under the control of BOSTON LINE and/or COAST LINE, including PLAINTIFF, during the course of any transshipment to the M/V HARMEN OLDENDORFF,  had a duty and provided an implied warranty owing to the defendant M/V HARMEN OLDENDORFF to carry out their work in a workmanlike manner, which duties were breached.

41.     The employees and persons under the control of BOSTON LINE and/or COAST LINE, including PLAINTIFF, during the course of any transshipment to the M/V HARMEN OLDENDORFF,  had a duty to carry out their work in a non-negligent manner, which duties were breached.

42.     BOSTON LINE and/or COAST LINE failed to provide proper instructions, training, assistance, manning, and supervision to the employees and persons working onboard the M/V ALYCIA MARY as alleged by PLAINTIFF, and permitted PLAINTIFF to position himself incorrectly during the transshipment of supplies, had too few individuals assigned to the operation, failed to properly maintain the position of the M/V ALYCIA MARY, failed to control the load, and failed to supervise or train PLAINTIFF how to remain aware of the load at all times.

#22978361_v2

43.      PLAINTIFF alleges he was injured on or about June 22, 2011 onboard the M/V NANCY while performing maintenance repairs prior to a United States Coast Guard inspection.

44.      On or about June 22, 2011, BOSTON LINE was the owner and/or operator of the M/V NANCY.

45.      On or about June 22, 2011, BOSTON LINE was PLAINTIFF'S employer.

46.      On or about June 22, 2011, COAST LINE was the owner and/or operator of the M/V NANCY.

47.      On or about June 22, 2011, COAST LINE was PLAINTIFF'S employer.

48.      On or about June 22, 2011, the M/V NANCY was an aluminum motor vessel, official number 647854, registered with the Department of Homeland Security, United States Coast Guard, National Vessel Documentation Center by or on behalf of BOSTON LINE as the owner.

49.      To the extent that PLAINTIFF sustained injuries or damages on June 22, 2011, said injuries and damages were caused solely by BOSTON LINE and/or COAST LINE, and those for whom it was responsible during PLAINTIFF's performance of work for BOSTON LINE and/or COAST LINE on or about June 22, 2011.

## FIRST CROSS CLAIM
### (Breach of Implied Duty of Workmanlike Performance)

50.      M/V HARMEN OLDENDORFF incorporates and realleges its allegations above, as if fully set forth herein.

51.      As a direct and proximate result of the actions set forth in PLAINTIFF's Amended Complaint against BOSTON LINE and the allegations set forth in M/V HARMEN OLDENDORFF'S answer to the Amended Complaint, BOSTON LINE and/or COAST LINE breached their implied duties to perform in a workmanlike manner and are liable for all damages

suffered by the M/V HARMEN OLDENDORFF, including its costs in defending PLAINTIFF's action.

**SECOND CROSS CLAIM**
**(Contribution)**

52.     M/V HARMEN OLDENDORFF incorporates and realleges its allegations above, as if fully set forth herein.

53.     PLAINTIFF'S injuries and damages, if any, were caused solely or partially by the negligence of BOSTON LINE and/or COAST LINE, as alleged above, and in Plaintiff's Amended Complaint against BOSTON LINE.

54.     If judgment is rendered in favor of PLAINTIFF and against M/V HARMEN OLDENDORFF, then BOSTON LINE and COAST LINE are liable in contribution to the M/V HARMEN OLDENDORFF in the full amount of any fault which is found by the Court against BOSTON LINE and COAST LINE.

**PRAYER FOR RELIEF**

WHEREFORE, the M/V HARMEN OLDENDORFF, its apparel, equipment, engines, freight, etc., *in rem*, without waiving the limited appearance filed by Oldendorff Carriers GmbH & Co. KG as claimant under Rule E(8) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, by and through its counsel, respectfully requests:

1.     The Amended Complaint against the M/V HARMEN OLDENDORFF be dismissed with prejudice against the M/V HARMEN OLDENDORFF and that judgment be entered in favor of the M/V HARMEN OLDENDORFF; and

2.     That judgment be entered in favor of the M/V HARMEN OLDENDORFF on its Cross Claims against BOSTON LINE and COAST LINE;

#22978361_v2

3.      For the M/V HARMEN OLDENDORFF's fees, costs, and disbursements in

answering and defending this action; and

4.      For such other and further relief as the Court may deem just and proper.

April 26, 2013                          Respectfully Submitted,

                                        /s/ K. Blythe Daly
                                        _____
                                        John M. Toriello (admitted *pro hac vice*)
                                        K. Blythe Daly (admitted *pro hac vice*)
                                        HOLLAND & KNIGHT LLP
                                        31 West 52nd Street
                                        New York, NY 10019
                                        Tel: (212) 513-3366
                                        Fax: (212) 385-9010
                                        *john.toriello@hklaw.com*
                                        *blythe.daly@hklaw.com*

                                        Timothy J. McLaughlin (MA BBO # 675560)
                                        HOLLAND & KNIGHT LLP
                                        10 Saint James Avenue
                                        Boston, MA 02116
                                        Tel: (617) 305-2015
                                        Fax: (617) 523-6850
                                        *timothy.mclaughlin@hklaw.com*

                                        Attorneys for Defendant.

## <u>CERTIFICATE OF SERVICE</u>

I, K. Blythe, hereby certify that on April 26, 2013, I served a copy of this document and its attachments on the parties listed on the attached service list, via electronic mail.

/s/ K. Blythe Daly
K. Blythe Daly

## <u>SERVICE LIST</u>

Carolyn M. Latti
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
Tel: (617) 523-1000
Fax: (617) 523-7394
*clatti@lattianderson.com*

Matthew D. Shaffer
Schechter McElwee Shaffer & Harris
3200 Travis, 3rd Floor
Houston, TX 77006
Tel: (713) 524-3500
Fax: (713) 751-0412
*mshaffer@smslegal.com*

#22978361_v2